ESTHER LA FLAMME, Respondent, *v.* THE CITY OF ALBANY, Appellant.

JOHN LA FLAMME, Respondent, *v.* THE CITY OF ALBANY, Appellant.

*Municipal corporations — claims for injuries — a claimant need not make proof of a claim which has been properly presented to the common council of Albany under the city charter.*

Where a person presents to the common council of the city of Albany a claim against the city for damages resulting from personal injuries, executed in the manner and form and verified as required by the city charter, and which sets forth the particulars required by the charter, the duty of the claimant in the premises has been performed, and she is not required to appear before the law committee of the common council of the city and make proof of the claim.

APPEAL by the defendant, The City of Albany, from judgments of the Supreme Court in favor of the plaintiff in each of the above-entitled actions, entered in the office of the clerk of the county of Albany on the 6th day of May, 1895, upon the report of a referee in each of said actions.

*William P. Rudd,* for the appellant.

*J. Newton Fiero,* for the respondents.

MAYHAM, P. J. :

In the first above-entitled action plaintiff prosecuted the defendant for alleged negligence in suffering the sidewalk in one of its

streets to become and remain out of repair, by reason of which the plaintiff, while passing over the same, caught her foot in the broken grating, which formed a part of the walk, and fell, breaking one of her legs.

The second entitled action is prosecuted by the husband of the plaintiff in the first action, for the injury which he claims to have suffered in the loss of the services of his wife, resulting from the same injury for which her action is prosecuted.

Both actions were tried before the same referee, who, in each, made a report in favor of the plaintiffs therein respectively, on which judgments were entered, from each of which the defendant appeals. The trials seem to have proceeded before the referee, so far as the receipt of evidence was concerned, as one action, and the evidence was, at the conclusion of such trials, applied by the referee to each of the actions, so far as the same was applicable to them respectively, and they are presented in the same manner on this appeal.

This method of proceeding was fixed on at the trial by the stipulation of the parties. It is urged on this appeal that these actions could not be maintained, for the reason that the plaintiffs never appeared before the law department, and made proof of their claims as required by the charter of the city of Albany.

We do not think that that position is well taken or sustained by the facts.

The case shows, and the referee finds, that verified claims were presented to the common council within three months after the alleged injury, and that more than three months elapsed after the presentation of the same to the common council before the actions were commenced. These facts show a compliance with the charter by the plaintiffs, and the referee finds, as matter of fact, the performance of acts by the plaintiffs which amount to a compliance with the charter of the defendant in reference to claims for damages against the defendant.

There is nothing in the charter of the defendant which requires the plaintiff in this class of actions to prove his claim before the law committee of the common council. All that seems to be required is the presentation of a verified claim specifying the particulars, etc.

The claims in these cases are not set out in the record, but the evidence shows that verified claims of the plaintiffs were pre-

sented to the common council; and the referee finds that plaintiffs' claims for damages were " presented to the common council of the defendant in the manner and form, and verified as required by the charter of the defendant, setting forth the time, place, cause and extent of the injury." There is nothing before us showing that this finding is not correct, and we must, therefore, assume that it was supported by evidence.

Upon the merits of these actions, the condition of the sidewalk and the knowledge imputable to the defendant by the lapse of time that the grating was out of repair were questions of fact for the referee, and we cannot, on these appeals, say that his conclusions were entirely unsupported by evidence.

The judgments must be affirmed, with costs.

Putnam, J., concurred; Herrick, J., not acting.

Judgments affirmed, with costs.